**Paul Peter DE FLORES, Jr.,**
**Plaintiff—Appellant,**

v.

**John ASHCROFT,\* Attorney General,**
**United States Department of Justice,**
**Defendant—Appellee.**

No. 01–55814.

D.C. No. CV–99–12063–HLH.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2002.\*\*

Decided June 7, 2002.

Before O'SCANNLAIN, RYMER, and
THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

After being terminated from his job as
an FBI agent, Paul DeFlores brought
claims against the Attorney General under
Title VII of the Civil Rights Act and the
Age Discrimination in Employment Act.
DeFlores claims that the FBI discrimi-
nated against him based on his ethnicity,
age, and Equal Employment Opportunity
(EEO) activity. The district court granted
summary judgment in favor of John Ash-
croft, and we affirm.

Ashcroft's summary judgment motion
asserted that the FBI terminated DeF-
lores for a legitimate, non-discriminatory
reason, namely its conclusion that DeF-
lores perpetrated insurance fraud. DeF-
lores presents no direct evidence of dis-
criminatory animus but merely attempts to
undermine the credibility of the FBI's
stated reason for terminating him. He
therefore bears a burden of proving that
the stated reason for termination was
mere pretense for discrimination, *St.
Mary's Honor Ctr. v. Hicks,* 509 U.S. 502,
506–08, 113 S.Ct. 2742, 125 L.Ed.2d 407
(1993), and he must present specific and
substantial evidence that the FBI's reason
for termination is unworthy of credence,
*Texas Dep't of Cmty. Affairs v. Burdine,*
450 U.S. 248, 256, 101 S.Ct. 1089, 67
L.Ed.2d 207 (1981); *Godwin v. Hunt Wes-
son, Inc.,* 150 F.3d 1217, 1222 (9th Cir.
1998). There is ample evidence of the
credibility of the FBI's conclusion that
DeFlores was dishonest, including many
actions to which DeFlores admits. DeF-
lores attempts to provide innocent expla-
nations of his behavior, but he fails to raise
a triable issue of fact that it was not
reasonable for the FBI to interpret the
facts as it did. DeFlores points to the
district attorney's decision not to bring
charges against him, but the FBI's termi-
nation letter noted that this exercise of
prosecutorial discretion did not exonerate
DeFlores of violating the FBI's strict code
of honesty. DeFlores does not present
any admissible evidence of a comparable
instance of an agent who acted as he did
and was not terminated. While we accept
DeFlores's argument that the terminating

---

\* John Ashcroft is substituted for his predeces-
sor, Janet Reno, as Attorney General for the
United States Department of Justice. Fed.
R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

official knew that he is Hispanic and participated in EEO activity, this shows only that discrimination was possible but does not raise even an inference of discrimination.

DeFlores knew from the tentative ruling that the district court intended to grant summary judgment on all claims but neither objected nor sought a continuance. *O'Keefe v. Van Boening, WSP,* 82 F.3d 322, 324 (9th Cir.1996); *Portsmouth Square, Inc. v. Shareholders Protective Comm.,* 770 F.2d 866, 869–70 (9th Cir. 1985).

AFFIRMED.